**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FARZAD BAKTASH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-71150

Agency No. A089-725-763

MEMORANDUM[*]

SOURI MAZLOUM; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-71151

Agency Nos.    A089-796-691
A089-796-692
A026-512-672

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2020
Pasadena, California

Before: BERZON, R. NELSON, and LEE, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioners Farzad Baktash, Souri Mazloum, et al., natives of Iran and citizens of the Netherlands, seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and we deny the petitions for review.

Because the BIA expressed no disagreement with any part of the IJ's decision, but instead cited *In re Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), "we review the IJ's decision as if it were the decision of the BIA." *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008). To reverse the IJ's determination that Petitioners were not eligible for asylum and withholding, this panel "must find that the evidence not only *supports* that conclusion, but *compels* it." *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

To demonstrate past persecution, Petitioners have "the burden of establishing that (1) [the] treatment [rose] to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d

1051, 1062 (9th Cir. 2017) (en banc) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)).

Here, substantial evidence supports the agency's conclusion that Petitioners have not shown that the "persecution was committed by the government, or by forces that the government was unable or unwilling to control" for purposes of asylum. *Id.* Petitioners have not shown that the state-licensed nightclub security guards who attacked and beat them were state actors. Furthermore, while Petitioners' allegations that the police officers failed to adequately investigate the nightclub assault right after it occurred are disturbing, the record shows that Dutch authorities thereafter took proactive steps to help Petitioners. Police officers interviewed Petitioners at the police station, showed them photographs to help identify the perpetrators, and told Petitioners they would investigate. Petitioners' case was then filed in court by a public prosecutor and litigated for almost four years until the Dutch court reached its decision to dismiss the case. Petitioners' contention that the police officers' lack of diligence in investigating the case "ultimately resulted in the case being dismissed in Court" is unsubstantiated. Absent more evidence, dismissal of their case after an investigation does not prove that the Dutch government was unable or unwilling to help Petitioners. Additionally, the agency reasonably found that "the length of time it took for the criminal case to be resolved may actually undercut the [Baktash family's] claim,"

3

as the case was not rushed or closed prematurely. Thus, on this record, a reasonable adjudicator would not be compelled to conclude that Petitioners met their burden of establishing past persecution.

Substantial evidence also supports the IJ's determination that Petitioners were unable to meet their burden of demonstrating a "well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Elias-Zacarias*, 502 U.S. at 481 (quoting 8 U.S.C. § 1101(a)(42)(A)); 8 C.F.R. § 1208.13(b)(2). Because the record does not compel a finding that Petitioners have a reasonable fear of persecution by either the Dutch government or forces that it is unwilling or unable to control, Petitioners are ineligible for asylum. *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000); *see also Nahrvani v. Gonzalez*, 399 F.3d 1148, 1154 (9th Cir. 2005) (finding speculative claim of future persecution insufficient to establish well-founded fear).

Because Petitioners have not met their burden for asylum eligibility, they likewise fail to meet the higher standard of proof for withholding of removal. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc). Furthermore, because Petitioners did not contest the IJ's denial of their application for CAT relief before the BIA, and did not challenge the IJ's denial in their opening brief before this Court, their CAT claim is both unexhausted, *see* 8 U.S.C. § 1252(d)(1); *Barron v.*

4

*Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004), and waived, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**